# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
8/5/2021 8:35 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**KEVIN R. HANSEN, ESQ.**
Nevada Bar No. 6336
**AMY M. WILSON, ESQ.**
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

CASE NO: A-21-838999-C
Department 29

*(left margin, vertical text)* LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MIGUEL MIRAMONTES, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation, d/b/a SMITHS #363, a/k/a THE KROGER CO., DOE EMPLOYEES I through X, and ROE BUSINESS ENTITIES I through X inclusive, <br><br> Defendants. | Case No.: <br> Dept No.: <br><br><br><br> **COMPLAINT** |

Plaintiff MIGUEL MIRAMONTES, by and through his counsel of record, KEVIN R. HANSEN, ESQ., and AMY M. WILSON, ESQ., of the law firm LAW OFFICES OF KEVIN R. HANSEN, complains and avers of the Defendants as follows:

**I.**

**PARTIES IN JURISDICTION**

1.    The events and circumstances giving rise to this Complaint occurred in Clark County, Nevada on or about September 24, 2019.

1

2.      Plaintiff MIGUEL MIRAMONTES (hereinafter "Plaintiff"), at all times material herein, is and was a resident of Clark County, State of Nevada.

3.      Upon information and belief, Defendant SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITHS #363, a/k/a THE KROGER CO., ("Defendant"), is a foreign corporation duly licensed and conducting business in the State of Nevada.

3.      Defendants DOE EMPLOYEES I through X, and ROE BUSINESS ENTITIES I through X, are set forth herein pursuant to rule 10 of the Nevada Rules of Civil Procedure. They constitute all persons or business entities currently unknown to Plaintiff who are believed to be responsible for the events and happenings referred to in this Complaint or otherwise have a claim to an interest in the subject matter of this Complaint. At such time when the names of said DOE EMPLOYEES and ROE BUSINESS ENTITIES have been ascertained, Plaintiff will request leave from the court to amend this Complaint and insert their true names and capacities and adjoin them in this action. All the defendants to this action, including the DOE EMPLOYEES and ROE BUSINESS ENTITIES, are referred to herein as "Defendants" or "Defendants and each of them."

4.      Jurisdiction is obtained and venue is properly set in the Eighth Judicial District Court for the State of Nevada.

**FACTS**

5.      Plaintiff incorporates and realleges all foregoing paragraphs as though these paragraphs were fully set forth herein.

6.      On or about September 24, 2019, Plaintiff was a lawful visitor at SMITHS #363 located at 4015 S. Buffalo Drive, Las Vegas, NV 89147, owned and operated by Defendant SMITH'S FOOD & DRUG CENTERS, INC.

////

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

2

7.      While Plaintiff was standing near the check-out area preparing to checkout, he walked towards one of the enterance doors near a freezer containing bags of ice.

8.      Unbeknownst to Plaintiff, the freezer or its contents had begun to leak, and large puddle of liquid had been allowed to collect near the base of the freezer and into the walkway near the doors creating a hazardous condition.

9.      There were no warning or hazard notices posted in the area of the store where the hazardous condition was present.

10.      Plaintiff slipped on this hazardous liquid and fell hard onto his right side, immediately feeling pain in his right knee, shoulder, arm, and back.

11.      Defendant SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITHS #363 owns the premises whereupon Plaintiff slipped and fell and was injured.

12.      As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to his body. These injuries caused and will continue to cause him mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

13.      As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for his injuries. As a result, he incurred medical and incidental expenses in an amount of special damages in excess of $15,000.00.

14.      As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

////

////

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## FIRST CAUSE OF ACTION
**Negligence**

15.     Plaintiff incorporates and realleges all foregoing paragraphs as though these paragraphs were fully set forth herein.

16.     Defendant SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITHS #363 at all times relevant herein, owned and was responsible for operating, controlling, and maintaining the premises where Plaintiff slipped and fell on or about September 24, 2019.

17.     Defendants, and each of them, owed Plaintiff a duty of reasonable care to maintain the floor at SMITHS #363 in a reasonably safe condition.

18.     Defendants, and each of them, breached this duty by allowing a hazardous condition to be present on the floor without warning or notice.

19.     Defendants, and each of them, were responsible for the presence of the hazardous condition, or knew or should have known of the presence of the hazardous condition prior to the moment that Plaintiff slipped and fell.

20.     Each Defendant DOE EMPLOYEE was the agent, servant and/or employee of Defendant SMITHS #363, acting within the course and scope of such agency, service, and/or employment.

21.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to his body. These injuries caused and will continue to cause him mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

22.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for his injuries. As a result, he incurred medical and incidental expenses in an amount of special damages in excess of  $15,000.00.

4

23.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

## SECOND CAUSE OF ACTION
### Premises Liability

24.     Plaintiff incorporates all foregoing paragraphs of the Complaint as though these paragraphs were fully set forth herein.

25.     At all times herein relevant, Plaintiff was a lawful visitor at the SMITHS #363 store located in Las Vegas, Clark Courty, Nevada.

26.     At all times herein relevant, Defendants and each of them were responsible for the condition and safety of the floor at SMITHS #363 where Plaintiff slipped and fell on or about September 24, 2019.

27.     Defendants, and each of them, owed Plaintiff a duty of reasonable care to maintain the floor at SMITHS #363 in a reasonably safe condition.

28.     Defendants, and each of them, breached this duty by allowing the hazardous condition to be present and for failing to rectify the condition before Plaintiff slipped and fell.

29.     Defendants, and each of them, were responsible for the presence of the hazardous condition or knew or should have known of the presence of the hazardous condition prior to the moment that Plaintiff slipped and fell.

30.     Each Defendant DOE EMPLOYEE was the agent, servant and/or employee of Defendant SMITHS #363, acting within the course and scope of such agency, service, and/or employment.

31.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to his body. These injuries caused and will continue to cause him mental

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

and physical pain and suffering in an amount of general damages in excess of $15,000.00.

32.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for his injuries. As a result, he incurred medical and incidental expenses in an amount of special damages in excess of $15,000.00.

33.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

WHEREFORE, Plaintiff, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1.     For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2.     For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3.     For lost wages and vocational damages in an amount to be determined;

4.     For the cost of suit and reasonable attorney's fees and costs;

5.     For interest at the statutory rate; and

5.     For such other relief as the Court deems just and proper.

DATED this 5th day of August 2021.

LAW OFFICES OF KEVIN R. HANSEN

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

6

**AFFIDAVIT OF SERVICE**

**Electronically Filed**
8/9/2021 3:19 PM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-21-838999-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | County:<br>CLARK COUNTY, NV | Job: |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Miguel Miramontes | | Defendant / Respondent:<br>Smith's Food & Drug Centers, Inc., d/b/a Smiths #363, a/k/a The Kroger Co. | |
| Received by:<br>Serve Vegas LLC | | For:<br>Law Offices of Kevin R. Hansen | |
| To be served upon:<br>Smith's Food & Drug Centers, Inc., d/b/a Smiths #363, a/k/a The Kroger Co. | | | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | KRIS OSBORN , Company: 112 North Curry Street, Carson City, Nevada 89703 |
|---|---|
| Manner of Service: | Registered Agent, Aug 6, 2021, 3:12 pm PDT |
| Documents: | Complaint, Summons, Initial Appearance Fee Disclosure, Civil Cover Sheet |

**Additional Comments:**

1) Successful Attempt: Aug 6, 2021, 3:12 pm PDT at Company: 112 North Curry Street, Carson City, Nevada 89703 received by KRIS OSBORN .
Age: 34; Ethnicity: Caucasian; Gender: Female; Weight: 170; Height: 5'5"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

08/06/2021

Richard Reese
PILB#1505

**Date**

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
702-209-2140

Electronically Filed
8/26/2021 2:54 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Blvd. - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MIGUEL MIRAMONTES, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>a Foreign Corporation, d/b/a SMITH'S #363,<br>a/k/a THE KROGER CO., DOE<br>EMPLOYEES I through X, and ROE<br>BUSINESS ENTITIES I through X inclusive,<br><br>Defendants. | Case No.:  A-21-838999-C<br>Dept. No.: XXIX<br><br><br>**DEFENDANT SMITH'S FOOD & DRUG<br>CENTERS, INC,'S ANSWER TO<br>PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., d/b/a "SMITH'S", improperly identified in the Complaint as "SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITH'S #363, a/k/a THE KROGER CO." by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 3 (sic) of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

/ / /

/ / /

/ / /

CLAC 6530324.1

**II.**

In response to the first Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it is a foreign corporation duly licensed and conducting business in the State of Nevada.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**III.**

Paragraph 4 of Plaintiff's Complaint states a legal conclusion which is the sole province of the Court to  determine.  This answering Defendant therefore denies said Paragraph.

**IV.**

This answering Defendant, in response to Paragraph 5 of that portion of Plaintiff's Complaint entitled "**FACTS**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**V.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 6, 7, 8, 9 and 10 of that portion of Plaintiff's Complaint entitled "**FACTS**" and upon  said ground, denies each and every allegation contained therein.

**VI.**

This answering Defendant denies each and every allegation contained in Paragraphs 11, 12, 13 and 14 of that portion of Plaintiff's Complaint entitled "**FACTS**".

**VII.**

This answering Defendant, in response to Paragraph 15 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**VIII.**

In response to Paragraph 16 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**", this answering Defendant admits that on September 24, 2019, it leased the SMITH'S store in question and therefore it operated, controlled and maintained the area concerned in this litigation.  This answering Defendant denies any remaining allegations contained

2

in said Paragraph.

## IX.

Paragraph 17 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION -Negligence**" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

## X.

This answering Defendant denies each and every allegation contained in Paragraphs 18, 19, 21, 22 and 23 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION  -Negligence**".

## XI.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 20 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**  - **Negligence**" and upon said ground, denies each and every allegation contained therein.

## XII.

This answering Defendant, in response to Paragraph 24 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION - Premises Liability**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XIII.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 25 and 30 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION**  - **Premises Liability**" and upon  said ground, denies each and every allegation contained therein.

## XIV.

In response to Paragraph 26 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION – Premises Liability**", this answering Defendant admits that on September 24, 2019, it leased the SMITH'S store in question and therefore it operated, controlled and

CLAC 6530324.1

maintained the area concerned in this litigation.  This answering Defendant denies any remaining allegations contained in said Paragraph.

## XV.

Paragraph 27 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION – Premises Liability**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

## XVI.

This answering Defendant denies each and every allegation contained in Paragraphs 28, 29, 31, 32 and 33 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION – Premises Liablity**".

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for his injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of his own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

1    WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of his

2 Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3 further relief as to the Court may deem proper.

4    Dated this 26th day of August, 2021.

5                                    COOPER LEVENSON, P.A.

6

7                         By    /s/ Jerry S. Busby
                                Jerry S. Busby
8                               Nevada Bar No. 001107
                                3016 West Charleston Blvd. - #195
9                               Las Vegas, Nevada  89102
                                Attorneys for Defendant
10                              SMITH'S FOOD & DRUG CENTERS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 26th day of August, 2021, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC,'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Kevin R. Hansen, Esq.
LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue – Suite 206
Las Vegas, NV 89146
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

6

CLAC 6530324.1

Electronically Filed
9/1/2021 4:00 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*
*Miguel Miramontes*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| MIGUEL MIRAMONTES, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>a Foreign Corporation, d/b/a SMITHS #363,<br>a/k/a THE KROGER CO., DOE<br>EMPLOYEES I through X, and ROE<br>BUSINESS ENTITIES I through X inclusive,<br><br>Defendants. | | Case No.: A-21-838999-C<br>Dept No.: XXIX |

### PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff MIGUEL MIRAMONTES, hereby requests the above-captioned matter be exempted from arbitration, pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. _____ presents a significant issue of public policy;

2. ___X___ involves an amount in issue in excess of $50,000.00, exclusive of interest and costs;

3. _____ presents unusual circumstances, which constitute good cause for removal from the program.

////

////

////

1

## SUMMARY OF FACTS

On or about September 24, 2019, Plaintiff was a lawful visitor at SMITHS #363 located at 4015 S. Buffalo Drive, Las Vegas, NV 89147, owned and operated by Defendant SMITH'S FOOD & DRUG CENTERS, INC. While Plaintiff was standing near the check-out area preparing to checkout, he walked towards one of the entrance doors near a freezer containing bags of ice.

Unbeknownst to Plaintiff, the freezer or its contents had begun to leak, and large puddle of liquid had been allowed to collect near the base of the freezer and into the walkway near the doors creating a hazardous condition. There were no warning or hazard notices posted in the area of the store where the hazardous condition was present. Plaintiff slipped on this hazardous liquid and fell hard onto his right side, immediately feeling pain in his right knee, shoulder, arm, and back.

Plaintiff suffered multiple physical injuries, mental anguish, loss of enjoyment of life and recreational activities due to the negligence of the Defendant.

## INJURIES AND TREATMENT

Following the accident, Mr. Miramontes presented to his primary care doctors at Rapid Care Medical Clinic and also began conservative chiropractic and physical therapy treatment at Injury Rehab Associates, located near his primary doctor. Mr. Miramontes continued with chiropractic care and physical therapy from the date of the accident through January 9, 2020.

During the course of his treatment, the pain and discomfort in his right knee persisted and Mr. Miramontes was referred to orthopedic physician Dr. Bernard Ong on November 4, 2019 for a medical consultation. Dr. Ong ordered MRI's of his right knee which revealed medial and lateral meniscus tears.

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

2

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Surgical intervention was necessary to repair this damage, which each of Mr. Miramontes' medical professionals attributed directly to the 9/24/19 slip and fall incident. Mr. Miramontes underwent a right knee arthroscopy on December 13, 2019, performed by Dr. Ong, and spent several weeks after recovering from the surgery. Even after the surgery, Mr. Miramontes continued to have pain and did not regain full mobility or strength in his right knee.

On December 17, 2020, Mr. Miramontes underwent another surgery on his right knee and followed up with physical therapy thereafter. Mr. Miramontes will likely never regain his level of activity from before the accident. He continues to experience pain and "popping" in his right knee and has likely sustained permanent to his right knee.

### INITIAL TRAUMA & PAIN AND SUFFERING

Due to the negligence and failure to exercise due care of the Defendant to maintain the premises in a reasonable and safe condition free of hazards, Mr. Miramontes has suffered tremendous physical pain and emotional distress as a result of this incident. The physical pain Mr. Miramontes has suffered was caused by the negligence of the Defendant and forced Mr. Miramontes to seek medical intervention. His ability to perform normal daily activities was greatly affected and he continues to struggle with pain now over two years following the accident. Mr. Miramontes has endured ongoing pain, suffering, anxiety, worry, and problems that resulted in a lessened quality of life which she would not have suffered but for the negligence of the Defendant SMITH'S FOOD & DRUG.

////

////

////

////

3

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## PLAINTIFF'S SUMMARY OF DAMAGES

Liability is clearly established. The negligence of Defendant SMITH'S FOOD & DRUG forced Plaintiff Miguel Miramontes to slip and fall, which could have been avoided had SMITH'S FOOD & DRUG exercised its duty of care and maintained its premises in a reasonable and safe manner. As a result, Plaintiff suffered severe bodily injury and other damages.

Below please find a summary of Plaintiff MIGUEL MIRAMONTES's medical specials related to the subject accident to date:

| NAME OF MEDICAL PROVIDER | MEDICAL BILL AMOUNT |
|---|---|
| Rapid Care Medical Clinic | $1,330.00 |
| Injury Rehab Associates | $8,386.75 |
| Well Care Pharmacy | $216.64 |
| Las Vegas Radiology | $4,150.00 |
| Orthopedic, Dr. Ong | $36,875.00 |
| Valley Anesthesiology Consultants | $1,400.00 |
| Affinity Surgery Center | $69,011.74 |
| All Medical (Knee Brace) | $1,600.00 |
| Achieve Physical Therapy | $1,500.00 |
| Cathedral Rock Medical | $5,628.46 |
| **TOTAL** | **$130,098.59+** |

////
////
////
////

4

## CONCLUSION

In addition to Plaintiff's medical expenses, potential future medical costs, and lost wages Plaintiff is entitled to general damages. General damages are difficult to calculate and precisely quantify and depend on the specific circumstances of the claim/claimant. The trier of fact will ultimately determine the amount of money necessary to compensate a Plaintiff(s) for general damages. Here, the facts and circumstances certainly warrant a large award of general damages for Plaintiff's pain, suffering, grief, anxiety, and inconvenience which in addition to the medical specials, potential future medical costs, and lost wages, will certainly exceed $50,000.00. Therefore, Plaintiff's damages warrant exemption from arbitration.

I hereby certify, pursuant to NRCP 11, this case to be within the exemptions marked above and am aware of the sanctions that may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this ___ day of September, 2021.

LAW OFFICES OF KEVIN R. HANSEN

_____
KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 West Sahara Avenue, Suite 206
Las Vegas, NV 89146
*Attorneys for Plaintiff*
*Miguel Miramontes*

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

5

**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of THE LAW OFFICES OF KEVIN R. HANSEN, and on the ___ day of September, 2021, the foregoing REQUEST FOR EXEMPTION FROM ARBITRATION was served via Odyssey E-Serve addressed to:

Jerry S Busby
Nevada Bar No.: 001107
COOPER LEVENSON, P.A.
3016 West Charleston Blvd. #195
Las Vegas, NV 89102
*Attorney for Defendant*
*Smith's food & Drug Centers, Inc.*

An Employee of Law Offices of Kevin R. Hansen

6

Electronically Filed
9/15/2021 2:04 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Miguel Miramontes, Plaintiff(s)<br><br>vs.<br><br>Smith's Food & Drug Centers, Inc,<br><br>Defendant(s) | CASE NO: A-21-838999-C<br>DEPT. NO: XXIX |

## <u>COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION</u>

REQUEST FOR EXEMPTION FILED ON: <u>September 01, 2021</u>

EXEMPTION FILED BY: <u>Plaintiff</u>               OPPOSITION: <u>No</u>

## <u>DECISION</u>

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this <u>15th</u> of <u>September</u>, 2021.

_____
ADR COMMISSIONER

1

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

## NOTICE

2

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

3

4

5

6

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

7

8

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

9

10

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2021.

11

12

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2021.

13

14

15

/s/   Loretta Walker

16

ADR COMMISSIONER'S DESIGNEE

17

18

19

20

21

22

23

24

25

26

27

2