1   JERRY S. BUSBY
    Nevada Bar #001107
2   COOPER LEVENSON, P.A.
    3016 West Charleston Blvd. - #195
3   Las Vegas, Nevada  89102
     (702) 366-1125
4   FAX:  (702) 366-1857
    jbusby@cooperlevenson.com
5
    Attorneys for Defendant
6   SMITH'S FOOD & DRUG CENTERS, INC.

7                   **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9   MIGUEL MIRAMONTES, an Individual,          Case No. 2:21-cv-01810-JAD-VCF

10              Plaintiff,

11  vs.

12  SMITH'S FOOD & DRUG CENTERS, INC.,         **STIPULATION TO EXTEND**
    a Foreign Corporation, d/b/a SMITH'S #363,  **DISCOVERY DEADLINES**
13  a/k/a THE KROGER CO., DOE                  **(FIRST REQUEST)**
    EMPLOYEES I through X, and ROE
14  BUSINESS ENTITIES I through X inclusive,

15              Defendants.

16

17          WHEREAS, the parties have exchanged their initial disclosure statements and have begun

18  discovery but are experiencing difficulty with experts being able to conclude their expert reports due to

19  end of year conflicts in scheduling; and

20          WHEREAS, counsel for the parties have discussed entering into a private mediation and wish to

21  extend expert disclosures until after mediation which is anticipated to occur in during the month of

22  February 2022;

23          To date, the parties have cooperated in discovery.  On September 23, 2021, the parties

24  participated in a Rule 26 discovery conference. After the conference, counsel experienced unexpected

25  delays in collecting records and accordingly delayed their initial disclosures to a mutually agreed upon

26  date. After exchanging disclosures, counsel have either served or will shortly serve written discovery

27  upon opposing counsel.  Unfortunately, counsel have experienced difficulty locating experts that are

28  willing to commit to providing an expert report shortly after the beginning of the calendar year 2022

CLAC 6668453.1

because of year-end schedules and calendaring conflicts. As a result, counsel have discussed and agreed to have a private mediation in February 2022.  Counsel have agreed upon the mediator and have been given dates for  mediation in February 2022 and counsel are currently consulting with their clients and attempting to finalize a date for mediation. Counsel further agree with delaying the expenses of retaining experts prior to the mediation would make settlement more difficult. Accordingly, counsel jointly propose continuing expert discovery for 60 days to allow the parties to attempt to settle at mediation before incurring the expert expenses. Counsel further agree to continue all other non-expert related discovery to help ensure a successful mediation before disclosing experts.

As a result of the above, counsel request an additional 60 days to complete the discovery set forth below. Thereafter, counsel will be able to be ready for trial.

IT IS HEREBY STIPULATED AND AGREED by and between JERRY S. BUSBY, ESQ., counsel of record for Defendant SMITH'S FOOD & DRUG CENTERS, INC. and AMY M. WILSON, ESQ. of the LAW OFFICES OF KEVIN R. HANSEN, counsel of record for Plaintiff MIGUEL MIRAMONTES that certain discovery deadlines in this matter be continued for a period of 60 days to allow the parties additional time to complete the discovery set forth hereinafter.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed. R. Civ. P. 26(f) conference;

2. Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1) and supplements.

3. Both parties have served written discovery including interrogatories, requests for admissions, and requests for production of documents.

4. Counsel have requested dates for depositions of the opposing party.

A. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**

1. Deposition of Plaintiff.

2. Depositions of lay witnesses.

3. Depositions of Plaintiff's treating physician/s.

4. Depositions of Defendant's management personnel.

2

CLAC 6668453.1

5.  Disclosure of experts – *if the case does not settle at mediation.*

**C.  <u>REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER</u>**

1.  As a result of conflicts in the schedules of counsel and illness of Defense counsel, the parties experienced delays in gathering records needed to provide their initial disclosures.

2. Counsel have experienced difficulty in getting experts to commit to providing expert reports shortly after the beginning of 2022. As a result, counsel have discussed and agreed to attempt to settle through a private mediation in February 2022 to avoid the expense of experts.

**D.  <u>PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY</u>**

As a result of the above, it is requested that the remaining discovery deadlines in this case be continued 60 days from their present dates.

**1.  <u>Discovery Cut-Off Date:</u>** The parties jointly propose that the discovery cut-off date be extended 62 days from its present deadline of March 29, 2022 to **May 30, 2022.**

**2.  <u>Amending the Pleadings and Adding Parties:</u>** The parties do not seek to extend this deadline currently set for December 29, 2021.

**3.  <u>Fed.R.Civ.P. 2(a)(2) Disclosures (Experts):</u>** The parties jointly propose that the disclosure of experts be extended 60 days from its present deadline of January 28, 2022 to **March 29, 2022.** Further, the parties jointly propose that the disclosure of rebuttal experts be extended 60 days from its present deadline of February 28, 2022 to **April 29, 2022.**

**4.  <u>Interim Status Report:</u>** The parties previously filed a joint Interim Status Report and do not require an extension of said deadline.

**5.  <u>Dispositive Motions:</u>** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended 61 days from its present deadline of April 28, 2022 to **June 30, 2022.**

**6.  <u>Pretrial Order:</u>** The parties request that the date for filing the joint pretrial order be **Monday, August 1, 2022**, which is 32 days after the cut-off date for filing dispositive motions. In the

3

CLAC 6668453.1

event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

        **7.**   **Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

        **8.**   **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

        **9.**   **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

        **10. Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre Trial Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

CLAC 6668453.1

1  **11.  <u>Extensions or Modifications of the Discovery Plan and Scheduling Order:</u>** Any

2  stipulation or motion must be made no later than 21 days before the subject deadline. Requests to

3  extend discovery deadlines must comply fully with LR 26-3.

4       DATED this 22nd day of November, 2021.

5  LAW OFFICES OF KEVIN R. HANSEN      COOPER LEVENSON, P.A

6

7  /s/ Amy M. Wilson                       /s/ Jerry S. Busby
   AMY M. WILSON, ESQ.              JERRY S. BUSBY, ESQ.
   Nevada Bar No. 13421              Nevada Bar No. 001107

8  KEVIN R. HANSEN, ESQ.          3016 West Charleston Boulevard - #195
   Nevada Bar No. 006336             Las Vegas, NV  89102

9  5440 West Sahara Avenue, Suite 206     (702) 366-1125
   Las Vegas, Nevada  89148          Attorneys for Defendant

10 (702) 478-7777                   SMITH'S FOOD & DRUG CENTERS, INC.
   Attorneys for Plaintiff

11 MIGUEL MIRAMONTES

12

13

14

15                                  **<u>ORDER</u>**

16      IT IS SO ORDERED:

17      DATED this 6th day of December, 2021.

18

19  _____

20      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

5

CLAC 6668453.1